# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3014 | **DATE** | 12/2/2003 |
| **CASE TITLE** | Breshchia vs. Paradise Vacation Club, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss complaint for lack of personal jurisdiction [27-1] and defendants' Rule 12(b)(2) motion to dismiss the amended complaint [28-1] are granted. Enter Memorandum Opinion and Order. Case Closed. Any pending dates or motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | U3 |
| | Copy to judge/magistrate judge. | CLERK | | |
| MF | courtroom deputy's initials | 03 DEC -3 PM 3:39 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE BRESCHIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 3014 |
| v. | ) |
| | ) Judge John W. Darrah |
| PARADISE VACATION CLUB, INC., d/b/a | ) |
| PARADISE VILLAGE BEACH RESORT AND SPA; | ) |
| PARADISE VILLAGE BEACH RESORT AND SPA, | ) |
| individually; and | ) |
| PROMOTORA MARYSOL, S.A. DE C.V., | ) |
| | ) |
| Defendants. | ) |

DOCKETED
DEC 0 4 2003

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Rose Breschia, filed suit against the Defendants, Paradise Vacation Club, Inc. ("the Club"), Paradise Village Beach Resort and Spa ("the Resort"), and Promotora Marysol, S.A. De C.V. ("Promotora"), for a personal injury in Mexico. Now before the Court is the Defendants' Federal Rules of Civil Procedure 12(b)(2) Motions to Dismiss the Amended Complaint for lack of personal jurisdiction. For the reasons that follow, the motions are granted; and the matter is dismissed.

## LEGAL STANDARD

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). When deciding whether the plaintiff has made a necessary showing, a court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). When determining whether the plaintiff has met the burden of establishing a *prima facie* showing of jurisdiction, jurisdictional allegations in the complaint are taken as true, unless controverted by the

43

defendant's affidavits or exhibits. The remaining facts come from the declarations and exhibits submitted by the parties. All factual disputes must be resolved in favor of the plaintiff.

In diversity actions, a federal court has personal jurisdiction over a non-resident defendant only if a court of the state in which the federal court sits would have personal jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (citation omitted). A determination of whether an Illinois court would have jurisdiction requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*).

Under Illinois law, a court can have personal jurisdiction over a non-resident via the state's long-arm statute. 735 ILCS § 5/2-209. The statute permits the exercise of jurisdiction over claims that arise out of a number of enumerated acts, such as transacting any business within Illinois. 735 ILCS § 5/2-209(a)(1). In addition, personal jurisdiction is proper against any corporation doing business within Illinois. 735 § ILCS 5/2-209(b)(4). The statute also states that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS § 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit; and the statutory analysis collapses into a two-prong analysis: one based on the Illinois Constitution, and one based on the United States Constitution. *RAR*, 107 F.3d. at 1276.

"Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *RAR*, 107 F.3d at 1276. The Due Process Clause of the United States Constitution permits an Illinois court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the

2

state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994). This determination depends on whether the plaintiff asserts specific or general jurisdiction against the defendant. *RAR*, 107 F.3d at 1277.

Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984)). To determine whether specific jurisdiction exists, a defendant must have "purposefully established minimum contacts within [Illinois];" and those contacts must make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Defendant must have "purposely availed" itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws such that they would "reasonably anticipate being haled into court there." *Asahi-Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 119 (1987).

Plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; and (2) the plaintiff must establish that haling the defendant into court is consistent with the Fourteenth Amendment's due process clause. *LFG, LLC. v. Zapata Corp.*, 78 F.Supp.2d 731, 734 (N.D. Ill. 1999).

On the other hand, "[g]eneral jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum state." *RAR*, 107 F.3d at 1277. Therefore,

3

general jurisdiction is a broader form of personal jurisdiction and requires the defendant to have even more contacts with the forum state than is required to meet the test for specific jurisdiction.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Breschia, an Illinois citizen, visited the Resort during September 1998. On September 25, 1998, while at the Resort, in Mexico, Breschia entered into a Membership and Security Agreement with Promotora. The contract expressly states that it was entered into in Mexico. The contract also states that Breschia agreed to join the Club as a member. By signing the contract, Breschia was entitled to make reservations to book a stay at the Resort by contacting the Club's office in California.

On March 7, 2001, Breschia contacted the Club to reserve a stay at the Resort. The Club did not contact or solicit Breschia to make a reservation. The reservation was taken by the Club in California and was finalized and performed when Breschia arrived at the Resort in Mexico.

On May 15, 2001, during a visit to the Resort, Breschia alleges that she stepped, slipped, and fell on an uneven floor, thus causing severe injuries. Breschia further claims that the accident was a direct and proximate result of the Defendants' negligent acts at the Mexican resort. As a result of this alleged negligence, Breschia claims to have suffered damages in excess of $150,000.

4

## ANALYSIS

*Promotora*

Promotora moved to dismiss Breschia's Amended Complaint for lack of personal jurisdiction. Breschia, in her response brief, stated that she did not oppose the Motion to Dismiss as to Promotora. Therefore, Promotora's Motion to Dismiss Breschia's Amended Complaint is granted.

*The Resort*

The Resort also moved to dismiss Breschia's Amended Complaint for lack of personal jurisdiction. Breschia provides two theories to suggest why jurisdiction is proper in this Court. First, Breschia argues that the Resort does business in Illinois through its website that allows Illinois residents to enter into contracts with the Resort. To do business in Illinois, a corporation's activities must be of the character and extent to justify the inference that the corporation has submitted to the general jurisdiction of Illinois. *Stein v. Rio Parismina Lounge*, 695 N.E.2d 518, 523 (Ill. App. Ct. 1998). Secondly, Breschia contends that the catch-all provision of 735 ILCS § 5/2-209(c) permits the exercise of jurisdiction in Illinois over the Resort. This provision allows courts "to establish jurisdiction even where jurisdiction could not be established through one of the enumerated clauses." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citations omitted).

As to her first jurisdictional theory, Breschia alleges that the Resort maintains a website, <www.paradisevillage.com>, where visitors may make reservations, check rates and availability, and make other arrangements at the Resort for their vacation. These functions also allow Illinois residents to save 10% by providing their arrival and departure dates, the number of adults and

children who are visiting the Resort, the number of suites desired at the Resort, and a credit card number. At the time the reservation is made, either a 25% or 100% deposit on the contract price is charged; and visitors must accept or decline a guarantee and cancellation policy.

Breschia alleges that the Resort advertised in Illinois through other means. The Resort maintains and advertises on fifty-three other websites. In 2002 and 2003, the Resort advertised four times in Illinois newspapers. In addition, the Resort placed advertisements in airline ticket jackets that were provided to travelers at O'Hare International Airport in Chicago, Illinois. Finally, the Resort was also promoted through a vacation "co-op" partner, Apple Vacations, that is based in Illinois. According to Breschia, Apple Vacations's advertisements are distributed to travel agents throughout Illinois.

A website that allows customers to make and pay for reservations over the Internet for lodging in foreign states is not a sufficient basis for the exercise of general jurisdiction. *Arriaga v. Imperial Palace, Inc.*, 252 F. Supp. 2d 380, 384-87 (S.D. Tex. 2002); *see also Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1092 (E.D. Mo. 2001) (finding that the exercise of general jurisdiction over the defendant was improper based solely on the defendant's website that accepted reservations).

In the case at bar, the Resort's website only allowed users to make and pay for reservations at the Resort, check the availability of suites, make other arrangements for their vacation, and receive discounts for entering specific information about their vacation. Therefore, the website, by itself, is not a continuous and systematic contact with Illinois that justifies the exercise of general jurisdiction over the Resort.

Breschia's second jurisdictional theory, the catch-all provision of the Illinois statute, also fails. According to Breschia, engaging in "significant, extensive, and varied advertising . . . in an effort to attract guests" establishes jurisdiction under the catch-all provision. *Mattsson v. Gerry Wood Prods. Co.*, No. 95 C 2314, 1996 WL 147921, at * 8 (N.D. Ill. Mar. 28, 1996) ("*Mattsson*"). The *Mattsson* advertising included brochures carried by Illinois travel agencies, advertisements in national magazines that include postcards and a toll-free number, and a computerized reservation system that enabled Illinois travel agencies to easily reserve a room; moreover, plaintiff relied on these advertisements when she decided to stay at the defendant's hotel. The *Mattsson* court concluded that the exercise of jurisdiction was proper based on these facts. *See also Pubs. Int'l, Ltd. v. Burke/Triolo, Inc.*, 121 F. Supp. 2d 1178, (N.D. Ill. 2000) (explaining that the combination of advertising through a website that solicits information from users and employing a local Illinois agent was enough to subject the defendant to the general jurisdiction of the Illinois courts).

Here, the combination of a website and advertising is not enough to justify the exercise of jurisdiction over the Resort. Breschia's accident occurred in 2001, but she did not see the American Airlines ticket-jacket advertisement for the Resort until 2002. Contrary to *Mattsson*, Breschia does not allege, nor can she allege, that she relied on any other advertisements by Apple Vacations or the Resort when she decided to visit the Resort in Mexico. Accordingly, Breschia cannot prevail under a specific jurisdiction basis.

Secondly, the advertising in this case is not so extensive to require the Resort to defend itself in the Illinois courts. The Resort did not specifically target Illinois; but, rather, they worked with "co-op" partners nationwide to advertise the Resort. In addition, the Resort did not employ

7

a local agent to specifically represent the Resort in Illinois. Apple Vacations was one of many "co-op" partners that the Resort employed across the nation to advertise for the Resort in brochures and catalogs. Moreover, the Resort's website, as discussed earlier, is similar to a toll-free reservation number.

Finally, it would not be reasonable or fair to require the Resort to litigate this case in Illinois. The Resort's only connections with Illinois are extremely tenuous and are based upon national advertisements in brochures, catalogs, newspapers, and the website. "Generally, national advertisements (including those on the internet) are insufficient to subject a defendant to jurisdiction in Illinois." *David White Instruments, LLC v. TLZ, Inc.*, No. 02 C 7156, 2003 WL 21148224, at * 6 (N.D. Ill. May 16, 2003) (citation omitted). Therefore, the combination of the website and the nationally based "co-op" advertising is not a continuous and systematic contact with Illinois that justifies the exercise of general jurisdiction over the Resort under the catch-all provision of 735 ILCS § 5/2-209.

*Paradise Vacation Club*

The Club moved to dismiss Breschia's Amended Complaint as well. In her response, Breschia argues that the Club maintains a website located at <www.paradisevaclub.com>. For her second jurisdictional theory, Breschia contends that the Club placed advertisements in airline ticket jackets that were provided to travelers at O'Hare International Airport in Chicago, Illinois; the Club also directly mailed Illinois members a quarterly newsletter, entitled "Paradise Vacation Club: Adventures in Paradise." Finally, Breschia claims that the Club was also promoted through a vacation "co-op" partner, Apple Vacations, that is based in Illinois, who distributes advertisements throughout Illinois.

8

Based on these facts, Breschia provides two theories for jurisdiction. First, Breschia argues that the Club does business in Illinois through its website that allows Illinois residents to enter into contracts with the Club. She did not allege that her injury was the result of the Club's website contact with Illinois. As noted earlier, a corporation's activities must be of the character and extent to justify the inference that the corporation has submitted to the general jurisdiction of Illinois to do business in Illinois. Again, Breschia also contends that the catch-all provision of 735 ILCS § 5/2-209(c) permits the exercise of jurisdiction in Illinois over the Resort. The catch-all provision establishes jurisdiction even if jurisdiction could not be established through one of the enumerated clauses.

Here, the Club's website is passive and not interactive. Visitors to <www.paradisevaclub.com> cannot purchase memberships, make reservations, or complete any other transactions on this site. The site expressly states that Club memberships may only be purchased at the Resort in Mexico. Moreover, the visitor's website only lists contact information for the Club; only Club members may access the restricted, members-only link. "The site is only an advertisement that tells the consumer" how to contact the Club. Therefore, this passive Club website will not support a finding of specific jurisdiction. The website, by itself, is an insufficient contact to hold that the Club has submitted to the general jurisdiction of the Illinois courts.

In the specific jurisdiction context, a sliding scale is used to determine what level of Internet interaction subjects a defendant to personal jurisdiction. Three different levels of Internet interaction exist. The highest level, when the defendant conducts business over the Internet through its active website, requires a website to be "interactive" and permit transactions

between the user and the website owner. The intermediate level, when the defendant maintains an interactive website, allows for an exchange of information between the website owner and the host computer. "[T]he exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website." Finally, the lowest level of interaction exists when the defendant maintains a passive website that only posts information. In this level, no interaction between the website owner and the end user exists; therefore, a passive website, like the Club maintains, "is not grounds for the exercise of personal jurisdiction." *Aero Prods. Int'l, Inc. v. Intex Corp.*, 2003 WL 31109386, at * 5 (N.D. Ill. 2002) (citations omitted).

Breschia's second theory to exercise jurisdiction over the Club, the catch-all provision of 735 ILCS § 5/2-209(c), also fails. As discussed earlier, this combination of advertising is not able to support the exercise of jurisdiction. First, none of Breschia's claims arise out of the Club's transactions in Illinois. Secondly, the Club did not specifically target Illinois; it only worked with "co-op" partners nationwide to advertise the Club. Third, in contrast to the Resort's website, the Club's passive website does not even allow Illinois residents to book reservations or become a Club member. Therefore, the Club's activities are not sufficiently significant, varied, or extensive enough to establish jurisdiction in Illinois under the catch-all provision.

## **CONCLUSION**

For the foregoing reasons, the Club's, the Resort's, and Promotora's Motions to Dismiss are granted; and the matter is dismissed.

Dated: 12-2-03

JOHN W. DARRAH
United States District Judge